IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY A. TAYLOR, Inmate #B-17010,   )| |
|                                    )| |
|     **Plaintiff,**                 )| |
|                                    )| |
| vs.                                )| CIVIL NO. 07-706-MJR |
|                                    )| |
| ROGER WALKER, JR., *et al.*,       )| |
|                                    )| |
|     **Defendants.**                )| |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court upon Plaintiff's motion for the Court to reconsider its prior Order denying Plaintiff's motion to proceed *in forma pauperis*, to file excess pages, for appointment of counsel, for a temporary restraining order, and for a preliminary injunction (Doc. 9).

As noted in the prior Order (Doc. 8), Plaintiff is aware that he has had at least three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Taylor v. Welborn*, Case No. 00-082-JLF (S. D. Illinois, filed January 31, 2000); *Taylor v. Snyder*, Case No. 00-083-JLF (S. D. Illinois, filed January 31, 2000); *Taylor v. Snyder*, Case No. 00-233-WDS (S. D. Illinois, filed March 28, 2000); *Taylor v. McDonald*, Case No. 00-411-JPG (S. D. Illinois, filed May 30, 2000). To proceed *in forma pauperis* in this action, Plaintiff must be "under imminent danger of serious physical injury."

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). "The harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term

'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

In his lengthy complaint, Plaintiff alleges that in response to alleged harassment and retaliation by prison staff in the form of "false" conduct violations, cell searches, destruction of property and the like, Plaintiff commenced a hunger strike. During the hunger strike, Plaintiff was forcibly fed with a tube - a process that was painful and unpleasant, but appears to have caused no lasting injury. This unpleasant interaction with prison staff was followed by more alleged harassment and retaliation which Plaintiff contends caused him to become more depressed. In turn, Plaintiff started more hunger strikes which begat more forcible feedings. Throughout the complaint, Plaintiff states that he has been evaluated by psychiatrists on several occasions and placed on elevated security. According to the complaint, Plaintiff's last hunger strike ended on August 15, 2007, nearly two months prior to the date on which the instant complaint was filed. While Plaintiff has alleged that he suffers from continuing harassment and retaliation at the hands of prison staff, these acts of harassment and retaliation do not show that at the time Plaintiff filed his complaint that Plaintiff is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Because Plaintiff cannot commence or prosecute his civil action *in forma pauperis*, Plaintiff likewise cannot commence or prosecute his motion for a temporary restraining order, his motion for a preliminary injunction, or his other motions without prepayment of the required filing fee. Plaintiff cannot avoid the consequences and requirements of § 1915(g) by simply bringing a motion for a temporary restraining order. Therefore, Plaintiff's motion to reconsider the Court's Order (Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 20th day of November, 2007.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**