# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY A. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  CIVIL NO. 07-706-MJR |
| ROGER WALKER, JR., *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court upon Plaintiff's "emergency motion" for the Court to reconsider its prior Order denying Plaintiff's motion to proceed *in forma pauperis*, to file excess pages, for appointment of counsel, for a temporary restraining order, and for a preliminary injunction (Doc. 11). This is the second "motion to reconsider" Plaintiff has filed with respect to this Court's prior Order. *See* (Doc.9). The first "motion to reconsider" was denied by this Court (Doc. 10).

As noted in the prior Order (Doc. 8), Plaintiff is aware that he has had at least three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Taylor v. Welborn*, Case No. 00-082-JLF (S. D. Illinois, filed January 31, 2000); *Taylor v. Snyder*, Case No. 00-083-JLF (S. D. Illinois, filed January 31, 2000); *Taylor v. Snyder*, Case No. 00-233-WDS (S. D. Illinois, filed March 28, 2000); *Taylor v. McDonald*, Case No. 00-411-JPG (S. D. Illinois, filed May 30, 2000). To proceed *in forma pauperis* in this action, Plaintiff must be "under imminent danger of serious physical injury."

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). "The harm

must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

In his lengthy complaint, Plaintiff alleges that in response to alleged harassment and retaliation by prison staff in the form of "false" conduct violations, cell searches, destruction of property and the like, Plaintiff commenced a hunger strike. During the hunger strike, Plaintiff was forcibly fed with a tube - a process that was painful and unpleasant, but appears to have caused no lasting injury. This unpleasant interaction with prison staff was followed by more alleged harassment and retaliation which Plaintiff contends caused him to become more depressed. In turn, Plaintiff started more hunger strikes which begat more forcible feedings. Throughout the complaint, Plaintiff states that he has been evaluated by psychiatrists on several occasions and placed on elevated security.

According to the complaint, Plaintiff's last hunger strike ended on August 15, 2007, nearly two months prior to the date on which the instant complaint was filed. In a separate declaration (Doc. 4), however, Plaintiff states that he commenced another hunger strike on or about October 1, 2007. Plaintiff contends that the ongoing hunger strike combined with his allegations of lack of mental health treatment for his depression and lack of adequate care while on hunger strike satisfy the "imminent danger of serious physical injury" requirement of § 1915(g).

This Court disagrees. The complaint indicates that Plaintiff has both voluntarily commenced

and voluntarily ended several hunger strikes over the past fourteen months.[1] While these hunger strikes were ongoing, plaintiff has been submitted to several involuntary forced feedings - an action that is no doubt painful and unpleasant, but has not resulted in the type of "serious physical injury" required to overcome the "three strikes" bar in § 1915(g). Furthermore, while the Seventh Circuit Court of Appeals does not appear to have addressed the matter, several lower courts have found that "a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA." *See Bell v. Allen*, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell*, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003). These courts have noted that "[t]o hold otherwise would eviscerate the rule [because] . . . [e]very prisoner would then avoid the three strikes provision by threatening to commit suicide." Because Plaintiff may not create the "imminent danger" required by § 1915(g) by commencing a hunger strike and because there is no indication that Plaintiff's hunger strike causes "serious physical injury" - due to the timely intervention of prison officials and Plaintiff's voluntary cessation of said strikes - Plaintiff has not satisfied the requirements of § 1915(g) so as to proceed *in forma pauperis* in this action. Therefore, Plaintiff's "emergency motion" to reconsider (Doc.11) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action no later than December 27, 2007. Plaintiff is warned that the filing of additional motions will not extend this deadline.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time

---

[1] While Plaintiff contends that several of the hunger strikes were "involuntarily ended" when he was removed from the infirmary, Plaintiff also states that he voluntarily ended several of his hunger strikes.

allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED this 11th day of December, 2007.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**